# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH LANGSTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 3:20-cv-00242-JJV |
| | * | |
| ANDREW SAUL, Commissioner, | * | |
| Social Security Administration , | * | |
| | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Kenneth Langston, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge ("ALJ") concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite his impairments. (Tr. 15-28.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review, for the following reasons, I find this matter should be remanded to the Commissioner for further development of the record.

Plaintiff is forty-three years old. (Tr. 38.) He is a high school graduate and has attended college. (*Id.*) Mr. Langston has past relevant work as a cash register servicer. (Tr. 26.)

The ALJ[1] first found Mr. Langston had not engaged in substantial gainful activity since September 2, 2017 – the alleged onset date. (Tr. 17.) The ALJ found he had "severe" impairments in the form of a history of right ankle fracture, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (*Id.*) The ALJ further found Mr. Langston did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-20.)

The ALJ next determined Mr. Langston had the residual functional capacity to perform a reduced range of light work. (Tr. 20.) Given his residual functional capacity assessment, the ALJ determined that Mr. Langston could no longer perform his past relevant work. (Tr. 26.) Therefore, the ALJ utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Langston could perform despite his impairments. (Tr. 50-52.) Given the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

vocational expert's testimony, the ALJ determined Mr. Langston could perform the jobs of sewing machine operator and small products assembler. (Tr. 27.) Accordingly, the ALJ determined Mr. Langston was not disabled. (*Id.*)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues this case should be remanded because the ALJ's residual functional capacity assessment is flawed. (Doc. No. 15 at 20-28.) Specifically, Plaintiff relies on the opinion evidence from Abesie Kelly, Ph.D., and Mary Wegner, M.D. (*Id.* at 21-28.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

The residual effects of Plaintiff's depression, anxiety and post traumatic stress disorder are at issue in this case. Based on Dr. Wegner's treatment notes, Dr. Kelly believed that Plaintiff has the ability to perform "less than unskilled" work. Dr. Kelly stated, "The [claimant] has marked impairment in the ability to complete a normal workday/workweek [ ] without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (Less than Unskilled)." (Tr. 95.) Dr. Wegner's opinion is generally the same. (Tr. 703.) The ALJ concluded that "Dr. Kelly's opinion is generally well supported and cites additional treatment records, [but] his opinion overestimates the claimant's level of limitation, specifically with regards to the claimant's ability to concentrate, persist, or maintain pace." (Tr. 25.) The ALJ then points to parts in the record showing, *inter alia*, Plaintiff could follow instructions, get along "fine" with authority figures, and his concentration was "okay." (*Id.*) Plaintiff argues that the ALJ cherry-picked parts of the record to come to this conclusion. (Doc. No. 15 at 23-24.) I agree with Plaintiff. Without some valid reason to discount

3

the opinions of Drs. Kelly and Wegner, the ALJ's opinion is not supported by substantial evidence. It is important to note that, as the ALJ concluded (at least with regard to Dr. Kelly), the opinions are supported by the medical evidence.

The Commissioner argues at some length that the new regulations generally overcome Plaintiff's arguments. (Doc. No. 16 at 9-13.) While I recognize the impact of the change in the regulations, I find these changes do not impact the ultimate issue of substantial evidence here. Not to oversimplify the regulatory scheme, this case is rather straightforward. The medical evidence shows Plaintiff is greatly limited in his ability to work a regular work schedule. The ALJ asked the vocational expert about such an individual who "would on a regular basis miss either part of a workday or a full workday more than two times a month," and the vocational expert testified such a person was not employable. (Tr. 52.) Drs. Kelly and Wegner opinions – opinions supported by the medical evidence in this case - significantly call into question whether Mr. Langston can meet the regular demands of substantial gainful activity. (Tr. 95, 703.)

Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should address the limitations recognized by Dr. Kelly and Wegner and reconsider Plaintiff's residual functional capacity.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

DATED this 24th day of June 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4